NO. 12-02-00067-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MARGARET A. NIX,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

PER CURIAM


 Margaret Ann Nix appeals the trial court's order denying her motion for forensic DNA
testing. We affirm.


Background

 Appellant was charged as a party to murder in the death of her husband. She pleaded guilty
and was sentenced to forty-five years of incarceration. We affirmed the conviction on direct appeal. 
Nix v. State, No. 12-96-00251-CR (Tex. App.-Tyler Sept. 23, 1997, no pet.)(not designated for
publication). 

 Subsequently, Appellant filed a motion in the convicting court for forensic DNA testing
pursuant to Chapter 64 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann.
art. 64.01-64.05 (Vernon Supp. 2003). The trial court heard evidence and argument on the motion. 
Appellant testified that she had pleaded guilty as a party to murder but that she was not present at
the scene of the crime, and she believed that forensic DNA testing would exonerate her. The District
Attorney's investigator testified that physical evidence from the crime scene had been preserved, that
the chain of custody of the evidence had been maintained, and that there was a possibility that
forensic DNA testing could be performed on some of the items. The D.A.'s investigator testified
that the investigation did not indicate that Appellant was present at the scene of the crime, and,
therefore, DNA testing would most likely neither implicate nor exonerate her. The trial court
concluded that Appellant was not entitled to forensic DNA testing.

 Appellant's counsel has filed what purports to be an Anders brief stating that the appeal is
wholly frivolous and without merit. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.
Ed. 2d 493 (1967). Counsel's brief contains a professional evaluation of the record demonstrating
why, under the controlling authorities, there is no error in the court's judgment. See High v. State,
573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). Counsel served a copy of his brief on
Appellant, and though Appellant was advised of her right to file a pro se brief by counsel and by this
court, she has not done so. However, we are hesitant to presume that an Anders analysis is
appropriate for reviewing a trial court's findings on a motion for forensic DNA testing, so we will
review the case on its merits before considering counsel's motion to withdraw.


Analysis

 Before ordering DNA testing under Chapter 64, the trial court must find (1) that the evidence
still exists in a condition making DNA testing possible and has been subjected to a sufficient chain
of custody to establish its integrity; (2) that identity was or is an issue in the case; (3) that the
convicted person establishes by a preponderance of the evidence that a reasonable probability exists
that the person would not have been prosecuted or convicted if exculpatory results had been obtained
through DNA testing; and (4) that the request for the proposed DNA testing is not made to
unreasonably delay the execution of sentence or administration of justice. See Tex. Code Crim.
Proc. Ann. art. 64.03(a) (Vernon Supp. 2003). In the instant case, the trial court found that though
evidence does still exist which could possibly be tested for DNA, identity was not an issue in the
case. The trial court found that Appellant had failed to meet her burden to establish by a
preponderance of the evidence that a reasonable probability exists that she would not have been
prosecuted or convicted if exculpatory results had been obtained through DNA testing. The trial
court also found that the request for the proposed DNA testing was not made to unreasonably delay
the execution of sentence or administration of justice.

 In reviewing the trial court's decision to order or deny forensic DNA testing, we employ the
bifurcated Guzman standard of review: we afford almost total deference to a trial court's
determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility
and demeanor, while we review de novo other application-of-law-to-fact issues. Rivera v. State, No.
74359, 2002 WL 31466456, at *3 (Tex. Crim. App. Nov. 6, 2002). The ultimate question of whether
a reasonable probability exists that exculpatory DNA tests would prove innocence is an
application-of-law-to-fact question that does not turn on credibility and demeanor and is therefore
reviewed de novo. Id. 

 Appellant urged at the hearing that forensic DNA testing of the existing physical evidence
would exonerate her because, she anticipated, her DNA would not be found on the evidence. 
However, the fact that Appellant was not present at the scene of the crime when her husband was
murdered is undisputed by the State. While the presence of Appellant's DNA on the evidence might
implicate her, the absence of her DNA on the physical evidence would not exonerate her where she
was charged as a party and it was not alleged that she was present. Therefore, Appellant has failed
to show by a preponderance of the evidence a reasonable probability that exculpatory DNA tests
would change the outcome of her trial, much less prove her innocence. Consequently, she is not
entitled to a DNA test under Chapter 64. 


Conclusion

 We affirm the trial court's judgment. Because we decided the appeal on its merits rather than
considering counsel's Anders brief, we overrule counsel's motion to withdraw.




Opinion delivered December 4, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.





(DO NOT PUBLISH)